DUNN et al. v. SHEALEY et al.

ATKINSON, Justice. A will was admitted to probate in common form. An heir at law instituted an equitable action against two individuals, one as executor and the other as sole legatee. The petition as amended sought appointment of a receiver to administer the property of the estate under orders of the court, and injunction to prevent administration by the executor until the petitioner, on application to the court of ordinary for probate of the will in solemn form, could file a caveat on the ground of mental incapacity, and obtain adjudication setting aside the will. Time lapsed, and no such caveat was filed. The petitioner, with four others of seven heirs at law, entered into a contract with the executor and the sole legatee who was not an heir at law. It was provided in the contract that one of the heirs should be appointed receiver, who should collect and pay out of the estate specified amounts, (a) for funeral expenses, (b) for a joint tomb for the testator and his deceased wife, (c) for commissions to the executor, (d) for fees to the attorney for the executor, (e) to the sole legatee "in full of all her right, title, and interest" in the estate, (f) for claims against the estate, and (g) from any balance, estimated to be $1650, to pay the costs of court, and what remained "to be divided among the heirs at law" of the testator. The receiver was duly appointed by the court, and given direction as provided in the contract. After the receiver had partially distributed the estate, one of the heirs at law not a party to the contract (an incompetent), appearing by next friend, and the children of the other heir at law then deceased interposed an intervention in the equity suit, seeking recovery of two-sevenths interest in the estate. In the petition for intervention, as several times amended, the intervenors disclaimed any intention to contest the will, and relied on the theory of an implied trust in their behalf, arising from the

contract in virtue of the above-quoted provision thereof, directing payment of any balance to the heirs at law of the testator. The contention was that the language employed contemplated all the heirs at law, including the intervenors along with the other five. *Held:*

1. Treating the will probated in common form as established, as it must be in the absence of a caveat interposed in the court of ordinary, the estate of the testator must be held to have been devised to the legatee, to the exclusion of the heirs at law, and consequently that the intervenors acquired no interest by inheritance.

2. The five heirs at law who were parties to the contract were under no legal obligation to the intervenors with respect to the estate; and considering the contract in its entirety, the clause providing for distribution of any balance after the payment of costs of court to "the heirs at law" of the testator is to be construed as referring solely to the heirs at law who were parties to the contract.

3. The allegations failed to show an interest in the estate in the intervenors, and the judge did not err in dismissing the petition for intervention on demurrer.

*Judgment affirmed. All the Justices concur. On motion for rehearing Russell, C. J., dissents.*

No. 11586. FEBRUARY 10, 1937. REHEARING DENIED MARCH 22, 1937.

*Fleming & Fleming,* for plaintiffs in error.

*Pierce Brothers, John L. Chambers, R. L. Chambers, Paul T. Chance,* and *B. E. Pierce Jr.,* contra.